UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
DAVID MARTINEZ, individually and on behalf of all others similarly situated,

                              Plaintiffs,

          -against-

LA MARIA PIZZERIA CORP., 1455 NEPPERHAN REST CORP. D/B/A BELLA ROSA PIZZERIA, ALI OZTURK, ALBERT TRANQUILLO A/K/A "ALLY", and LAURIE TRANQUILLO,

                              Defendants.
------------------------------------------------------------------------------X

CIVIL ACTION NO.

COMPLAINT

Plaintiff David Martinez, individually and on behalf of all others similarly situated, by his attorneys, Katz Melinger PLLC, complaining of the defendants, La Maria Pizzeria ("La Maria"), 1455 Nepperhan Rest Corp. d/b/a Bella Rosa Pizzeria ("Bella Rosa"), Ali Ozturk, Albert Tranquillo a/k/a "Ally" ("Ally"), and Laurie Tranquillo ("Laurie") (collectively, "Defendants"), respectfully alleges as follows:

**I. Nature of Action, Jurisdiction, and Venue**

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"); and 12 N.Y.C.R.R. §§ 146-1.6.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5.      Plaintiff is an individual residing in the State of New York.

6.      At all relevant times, Plaintiff was employed by Defendants.

7.      While employed with Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

8.      At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

9.      Defendant La Maria is a domestic corporation with its principal place of business located at 1445 Nepperhan Avenue, Yonkers, New York 10703.

10.     Bella Rosa is a domestic corporation with its principal place of business located at 1445 Nepperhan Avenue, Yonkers, New York 10703.

11.     La Maria operated as a pizzeria at 1445 Nepperhan Avenue, Yonkers, New York 10703 from in or around 2017 until it shut down in or around September 2020.

12.     In or around October 2020, Bella Rosa opened at 1445 Nepperhan Avenue, Yonkers, New York 10703, where it continues to operate as a pizzeria restaurant.

13.     La Maria and Bella Rosa (together the "Restaurants") were and are pizzeria restaurants that sell pizza and other Italian style foods.

14.     Defendants Ozturk, Ally, and Laurie are individuals residing, upon information and belief, in the state of New York.

15. At all relevant times, Ozturk, Ally, and Laurie were, and still are, officers, directors, shareholders, owners, and/or persons in control of the Restaurants, who exercise significant control over the Restaurants' operations and have the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

16. At all relevant times, Defendants were responsible for setting Plaintiff's schedule and day-to-day activities, and for supervising his performance.

17. At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

18. At all relevant times, Defendants were responsible for compensating Plaintiff.

19. Defendants managed, supervised, hired, fired, and controlled Plaintiff's compensation, and are jointly and severally liable in this matter.

20. Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

21. Defendants operate in interstate commerce.

22. Defendants are covered employers within the meaning of the FLSA and NYLL and, at all relevant times, employed Plaintiff.

23. Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

24. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date six (6) years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

25. The FLSA Collective Plaintiffs consist of no less than five (5) similarly situated current and former employees of Defendants who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

26. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable overtime wages for all time worked in excess of forty (40) hours per week.

27. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

28. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

29. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Factual Allegations

*Wage and Hour Claims*

30. Plaintiff worked for Defendants as a pizza maker at the Restaurants from in or around January 2019 until in or around September 6, 2021.

31. As a pizza maker, Plaintiff's primary job duties included, *inter alia*, preparing the dough and sauces, cooking the pizzas to order, and boxing the pizza.

32. From in or around January 2019 until September 2020, Plaintiff regularly worked six (6) days per week as follows: Mondays through Saturdays from approximately 9:00 a.m. until 10:00 p.m., for a total of approximately seventy-eight (78) hours per week.

33. In or around October 2020, the pizzeria changed its name from La Maria to Bella Rosa.

34. From in or around October 2020 until in or around January 2021, Plaintiff regularly worked seven (7) days per week as follows: Mondays through Sundays from approximately 9:00 a.m. until 10:00 p.m., for a total of approximately ninety-one (91) hours per week.

35. From in or around February 2021 until in or around June 2021, Plaintiff regularly worked six (6) days per week, as follows: Mondays through Saturdays from approximately 9:00 a.m. until 10:00 p.m., for a total of approximately seventy-eight (78) hours per week.

36. From in or around July 2021 until the end of his employment, Plaintiff regularly worked five (5) days per week, as follows: Tuesdays through Saturdays from approximately 9:00 a.m. until 10:00 p.m., for a total of approximately sixty-five (65) hours per week.

37. Throughout his employment, Plaintiff was not afforded regular meal or rest breaks, and was required to eat any meals during his shifts while working.

38. Throughout Plaintiff's employment, Defendants compensated him with at the rate of $20 per hour for all hours worked.

39. Defendants neither tracked the hours Plaintiff worked, nor required Plaintiff to record his time.

40. While employed with Defendants, Plaintiff was a non-exempt employee pursuant to the FLSA and the NYLL.

41. Although Plaintiff regularly worked more than forty (40) hours per week during his employment with Defendants, Defendants failed to compensate Plaintiff with overtime compensation of one and one-half (1.5) times his regular hourly rate of pay or the applicable minimum wage, whichever is greater, for the hours he worked over forty (40) per week.

42. As a non-exempt employee under the NYLL, Plaintiff was also entitled to New York State spread of hours pay.

43. Plaintiff frequently worked shifts that spanned more than ten (10) hours per day, but was not paid spread of hours pay of one (1) additional hour's pay at the full minimum wage rate for every day in which his shift exceeded ten (10) hours ("spread of hours pay").

44. Defendants further failed to timely pay all of Plaintiff's wages on a weekly basis as required by the NYLL.

45. In addition, Defendants failed to furnish to Plaintiff, at the time he was hired or at any time thereafter, a notice containing his rates of pay, the designated payday, or other information required by NYLL § 195(1).

46. Finally, Plaintiff did not receive from Defendants, with each wage payment, statements listing his regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

47. Defendants violated federal and state law by willfully failing to pay Plaintiff and the FLSA Collective Plaintiffs overtime compensation; by failing to pay Plaintiff the applicable spread of hours wages owed to him; by failing to timely pay the Plaintiff's wages on a weekly

basis; and by failing to provide Plaintiff with statutory payroll notices and wage statements required by NYLL.

*Retaliation Claims*

48. On or around September 6, 2021, Plaintiff complained to Defendants that he was not being paid correctly for his overtime hours.

49. Defendants thereupon terminated Plaintiff's employment at Bella Rosa.

50. Defendants' conduct constitutes unlawful retaliation under the FLSA and the NYLL.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS**
*(Overtime Violations Under the FLSA)*

51. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

52. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage rate, whichever is greater, for all hours worked in excess of forty (40) hours per week.

53. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

54. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage rate, whichever is greater, for each hour worked in excess of forty (40) hours per week.

55. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

56. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to additional damages equal to one hundred percent (100%) of the total wages due to them ("liquidated damages").

57. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## **AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Overtime Violations Under the NYLL)*

58. Plaintiff repeats and realleges all prior allegations set forth above.

59. Pursuant to the applicable provision of the NYLL, Plaintiff was entitled to overtime compensation of one and one-half (1.5) times his regular hourly rate of pay or the applicable minimum wage rate, whichever is greater, for all hours worked in excess of forty (40) hours per week.

60. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

61. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times his regular hourly rate of pay or the applicable

minimum wage rate, whichever is greater, for each hour worked in excess of forty (40) hours in a workweek.

62. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

63. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

64. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of his unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Spread of Hours Violations Under the NYLL)*

65. Plaintiff repeats and realleges all prior allegations set forth above.

66. Plaintiff regularly worked shifts that spanned more than ten (10) hours per day.

67. Defendants failed to pay Plaintiff additional compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff's shifts spanned more than ten (10) hours.

68. By failing to pay Plaintiff spread of hours pay, Defendants willfully violated NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to the Hospitality Industry Wage Order, 12 N.Y.C.R.R. §§ 146-1.6.

69. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of his unpaid spread of hours wages, liquidated damages,

attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Failure to Provide Payroll Notices Under the NYLL)*

70. Plaintiff repeats and realleges all prior allegations set forth above.

71. Defendants failed to furnish to Plaintiff, at his time of hire or at any time thereafter, notices containing his rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; his regular pay day designated by the employer; and other information required by NYLL § 195(1).

72. As Defendants failed to provide Plaintiff with payroll notices as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

73. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Failure to Provide Wage Statements Under the NYLL)*

74. Plaintiff repeats and realleges all prior allegations set forth above.

75. Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: his regular and overtime rates of pay and basis thereof; the number of regular and overtime hours he worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

76. As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

77. Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Failure to Timely Pay Wages under the NYLL)*

78. Plaintiff repeats and realleges all prior allegations set forth above.

79. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff was entitled to be paid his earned wages weekly and not later than seven (7) days after the end of the week in which the wages were earned.

80. During the relevant time period, Defendants routinely failed to pay Plaintiff all of his earned wages, including overtime wages and spread of hours wages, in accordance with the NYLL.

81. As a result of Defendants' violations of the law and failure to pay Plaintiff in accordance with NYLL § 191 (1)(a)(i), Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

82. Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action for all wages due, liquidated damages, all reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR AN SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Retaliation Under the FLSA)*

83. Plaintiffs repeat and reallege all prior allegations.

11

84. Defendants terminated Plaintiff's employment at Bella Rosa after, and in retaliation for, Plaintiff's attempt to assert his legal rights under the FLSA.

85. Defendants' termination of Plaintiff's employment constitutes unlawful retaliation in violation of 29 U.S.C. § 215(a)(3).

86. As a result of Defendants' violations of the law, Plaintiff has been damaged and is entitled to recover from Defendants punitive damages, if applicable, along with lost wages, front pay, liquidated damages, reasonable attorneys' fees, and costs.

87. Judgment should be entered in favor of Plaintiff and against Defendants on the Seventh Cause of Action for punitive damages, if applicable, lost wages, front pay, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR AN EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Retaliation Under the NYLL)*

88. Plaintiffs repeat and reallege all prior allegations.

89. Defendants terminated Plaintiff's employment at Bella Rosa after, and in retaliation for, Plaintiff's attempt to assert his legal rights under the NYLL.

90. Defendants' termination of Plaintiff's employment constitutes unlawful retaliation in violation of NYLL § 215.

91. As a result of Defendants' violations of the law, Plaintiff has been damaged and is entitled to recover from Defendants punitive damages, if applicable, along with lost wages, front pay, liquidated damages, reasonable attorneys' fees, and costs.

92. Judgment should be entered in favor of Plaintiff and against Defendants on the Eighth Cause of Action for punitive damages, if applicable, lost wages, front pay, liquidated

damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

WHEREFORE Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, prays for relief as follows:

    a) on the First Cause of Action for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

    b) on the Second Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

    c) on the Third Cause of Action for all spread of hours wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

    d) on the Fourth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

    e) on the Fifth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorney's fees in an amount to be determined by this Court;

    f) on the Sixth Cause of Action for all wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

    g) on the Seventh Cause of Action for all punitive damages, if applicable, along with all lost wages, front pay, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court against Defendants;

h) on the Eighth Cause of Action for all punitive damages, if applicable, along with all lost wages, front pay, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court against Defendants;

i) Interest;

j) Costs and disbursements; and

k) Such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 31, 2022

>*/s/ Eliseo Cabrera*
>Eliseo Cabrera
>Katz Melinger PLLC
>370 Lexington Ave, Suite 1512,
>New York, New York 10017
>Telephone: (212) 460-0047
>Facsimile: (212) 428-6811
>edcabrera@katzmelinger.com
>*Attorneys for Plaintiff*