UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

DAVID MARTINEZ, individually and on behalf of all others
similarly situated,

Plaintiffs,

-against-

LA MARIA PIZZERIA CORP., 1455 NEPPERHAN REST CORP.
D/B/A BELLA ROSA PIZZERIA, ALI OZTURK, ALBERT
TRANQUILLO A/K/A "ALLY", and LAURIE TRANQUILLO,

Defendants.

-------------------------------------------------------------------------------X

CIVIL ACTION NO.
1:22-cv-04578

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

This Agreement and Release ("Agreement") sets forth the mutual understanding between **DAVID MARTINEZ** ("Plaintiff"), on the one hand, and **LA MARIA PIZZERIA CORP.** and **ALI OZTURK** (collectively "Settling Defendants")(together with Plaintiff, "the Parties"), on the other hand, regarding Plaintiff's employment with Settling Defendants and the settlement of any and all wage-related claims that Plaintiff has or may have against Settling Defendants.

**WHEREAS,** on June 2, 2022, Plaintiff commenced an action in the United States District Court, Eastern District of New York captioned *David Martinez v. La Maria Pizzeria, 1455 Nepperhan Rest Corp. d/b/a Bella Rosa Pizzeria, Ali Ozturk, Albert Tranquillo a/k/a "Ally," and Laurie Tranquillo*, Civil Action No. 1:22-cv-04578 ("the Action"), wherein Plaintiff asserted various claims, including claims of alleged violations the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL");

**WHEREAS,** Plaintiff's claims against **1455 NEPPERHAN REST CORP. D/B/A BELLA ROSA PIZZERIA, ALBERT TRANQUILLO A/K/A "ALLY", and LAURIE TRANQUILLO** in the Action remain pending and are in no way affected by this Agreement; and

**WHEREAS**, the Parties reached an agreement in principle to resolve this case and wish to memorialize their resolution as set forth below;

**NOW, THEREFORE,** in consideration of the mutual promises and settlement terms contained in this Agreement, the Parties, having been represented by counsel, agree as follows:

1.   **Consideration to be provided to Plaintiff**. In consideration for the promises made by Plaintiff as set forth in this Agreement, Settling Defendants agree to pay Plaintiff the total sum of Seven-Thousand Dollars ($7,000.00) (the "Settlement Payment"). The Settlement Payment shall be allocated as follows:

   a)   One check payable to "David Martinez" in the amount of $4,016.00 representing the settlement of Plaintiff's claims against Settling Defendants for liquidated damages, from which no withholdings shall be taken, which shall be reported in Box 3 of IRS Form-1099; and

   b)   One check payable to "Katz Melinger PLLC" in the amount of $2,984.00 representing settlement of Plaintiff's claims against Settling Defendants for fees and costs, from which no withholdings shall be taken, which shall be reported on IRS Form-1099.

   Plaintiff and Plaintiff's counsel agree to provide Settling Defendants with executed IRS Forms W-4 and/or W-9 before the Settlement Payment becomes due and payable. Plaintiff acknowledges that the Settling Defendants and their counsel do not make and have not made any representations regarding the taxability of such amounts or the necessity for making withholdings therefrom, and Plaintiff further acknowledges that he has not relied upon any advice or representation by Settling Defendants or Settling Defendants' attorneys as to the necessity for withholding from or the taxability of such amounts.

2.   **Timing of Payment; Escrow**. Within five (5) business days of Plaintiff's execution of this

Agreement, Settling Defendants shall deliver the Settlement Payment to counsel for Settling Defendants, Mitchell Pollack & Associates, PLLC., who shall hold the Settlement Payment in escrow in its IOLA Account. Within seven (7) business days of Court approval of the Agreement, Settling Defendants' counsel, Mitchell Pollack & Associates, PLLC., shall deliver the Settlement Payment to Plaintiff's counsel, Katz Melinger PLLC, via checks held in escrow or issued from Settling Defendants' counsel IOLA Account in the amounts set forth in paragraph 1 of this Agreement. All Settlement Payments due to Plaintiff under this Agreement shall be delivered via overnight delivery service to the following address: Katz Melinger PLLC., Attn.: Eliseo Cabrera, Esq., 370 Lexington, Suite 1512, New York, NY 10017.

3.    **<u>Default</u>**. Should Settling Defendants default in their obligations to make the Settlement Payment as set forth in this Agreement or should one or more checks be returned for insufficient funds ("Default"), then Plaintiff or his counsel shall send written notice of said default to Settling Defendants' counsel ("Notice of Default") by email at eburger@mpollack.com and first class mail to Mitchell Pollack & Associates, PLLC, 150 White Plains Road, Suite 310, Tarrytown, NY 10591. Delivery of the Notice of Default by either email or regular mail shall constitute receipt of the Notice of Default by Settling Defendants.

Settling Defendants expressly acknowledge and agree that Settling Defendants' failure to timely cure the Default within five (5) business days of receipt of the Notice of Default shall constitute a material breach of this Settlement Agreement ("Breach"). In the event of a Breach, the Parties agree that Plaintiff may immediately bring suit against Settling Defendants for breach of this Settlement Agreement, without further notice, and shall be entitled to recover from Settling Defendants, in addition to the unpaid portions of

the Settlement Payment and statutory interest thereon, all reasonable attorneys' fees and costs incurred by Plaintiff which result from Plaintiff or his counsel's efforts to enforce this Agreement. Such fees and costs shall begin to accrue as of the date that the Notice of Default is delivered to Settling Defendants.

4.    **Indemnification**. Plaintiff agrees to accept full, complete, sole, and entire responsibility for any tax liability, withholding liability, interest, or penalty that may be assessed against or incurred by any of the Releasees as a result of not withholding taxes from the portions of the money paid to the Plaintiff accounted for via an IRS Form 1099, as well as the amounts paid to Plaintiff's attorneys, pursuant to this Agreement. Plaintiff further agrees to fully indemnify and hold the Settling Defendants harmless against any and all tax liability, claims, damages, and costs, including reasonable attorneys' fees that Settling Defendants may incur as a result of Plaintiff's failure to pay any taxes on the Settlement Payment. If Settling Defendants receive notice from any taxing authorities regarding any of the payments accounted for via an IRS Form 1099, Settling Defendants will provide Plaintiff's attorneys with a copy of such notice within ten (10) business days of receipt thereof, so that Plaintiff may address any requests made by such taxing authority. Notwithstanding the foregoing, Plaintiff shall bear no responsibility for or in connection with Settling Defendants' failure to make any employers' contributions to payroll taxes related to that portion of the Settlement Payment subject to W-2 reporting, if applicable.

5.    **Small Claims Hearing Absence and/or Withdrawal.** The Parties agree to not attend any hearing at the Small Claims Part at the City Court of Yonkers in the County of Westchester in regards to the case initiated by Mr. Ali Ozturk against Mr. Martinez, Index No.: SC-000214-22/YO. If necessary, Settling Defendants will formally withdraw or discontinue with prejudice the Small Claims Action as against Mr. Martinez upon finalizing this

Settlement Agreement.

6.  **No Disputes Pending or Assigned.** Plaintiff represents that, aside from this Action, he does not currently have pending before any court or before any federal, state, or local governmental agency any dispute of any kind against Settling Defendants. Plaintiff further represents that he has not heretofore assigned or transferred, or purported to have assigned or transferred, to any entity or person any claim or dispute released by him herein.

Settling Defendants represent that, aside from the aforementioned Small Claims Action referred to in Paragraph 5 of this Agreement, there is no dispute of any kind against Plaintiff pending before any court or before any federal, state, or local governmental agency. Settling Defendants further represent that they have not heretofore assigned or transferred, or purported to have assigned or transferred, to any entity or person any claim or dispute released by Settling Defendants herein.

7.  **Adequate Consideration.** Plaintiff expressly agrees and acknowledges that the consideration referred to in Paragraph 1 of the Agreement and the withdrawal or discontinuance with prejudice of the Small Claims Action referred to in Paragraph 5 of this Agreement constitutes adequate consideration for the rights and claims he waives under the Agreement and for the obligations imposed upon him by virtue of the Agreement. This consideration represents a complete settlement, satisfaction, release, discharge, and waiver of all claims that Plaintiff has asserted in this Action, including, but not limited to, all claims for allegedly unpaid wages, lost wages, benefits or other compensation, liquidated damages, punitive damages, attorneys' fees, costs, and any other relief that Plaintiff sought against Settling Defendants in this Action. Plaintiff expressly agrees and acknowledges that Settling Defendants have promised to pay the consideration referred to in Paragraph 1 of the Agreement and the withdrawal or discontinuance with prejudice of the Small Claims

Action referred to in Paragraph 5 of this Agreement in exchange for the releases, waivers, and promises made by Plaintiff in this Agreement.

8. **Plaintiff's Release of Claims Against Settling Defendants**. In consideration for the Settlement Payment, and other promises and covenants contained in this Agreement, Plaintiff, for himself and his heirs, executors, administrators, trustees, legal representatives, successors and assigns (hereinafter referred to collectively as "Releasors"), forever releases and discharges Settling Defendants, as well as Settling Defendants' present, past, and/or former parent corporations, subsidiaries, divisions, affiliated entities, shareholders, successors, executors, officers, partners, members, managers, directors, agents, fiduciaries, owners, employees, representatives, and assigns, all within their representative capacities only (hereinafter referred to collectively as "Releasees"), from any and all claims that were asserted in this Action, including all claims relating to alleged unpaid wages and compensation, as well as any and all claims which Plaintiff could have asserted against Settling Defendants under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), arising prior to the date of execution of this Agreement.

This release does not bar Plaintiff from filing an administrative complaint with a government agency or cooperating with an investigation by a government agency; however, Plaintiff waives the right to benefit monetarily as a result of any such complaint or investigation.

It is expressly agreed and acknowledged that unless otherwise agreed to, in writing, upon satisfactory consideration, the Disputes do not include, and Plaintiff is therefore not releasing, any claims, obligations, debts, liabilities, demands, or causes of action of any kind whatsoever arising under any federal, state, or local statute or regulation other than those concerning wage and hour claims that Plaintiff may or may not have against Settling

Defendants, including Plaintiff's rights to enforce the terms of this Agreement. It is further expressly agreed and acknowledged that the Disputes do not include, and Plaintiff is therefore not releasing, any claims or rights which, as a matter of law, cannot lawfully be waived or released.

9. **Governing Law and Interpretation.** The Agreement shall be governed by and construed in accordance with the laws of the State of New York. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question.

10. **Severability.** Should any part of the Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of the Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of the Agreement.

11. **Disputes; Damages.** If any party institutes a lawsuit for breach of this Agreement or petitions the Court to enforce any provision of this Agreement, the prevailing party in such proceeding shall be entitled to recover from the non-prevailing party the prevailing party's costs of litigation and reasonable attorneys' fees, as well as the costs and reasonable attorneys' fees incurred by the prevailing party in making any fee application and in enforcing and/or collecting any judgment obtained against the breaching party.

12. **Filing of Stipulation of Dismissal.** Upon the execution of this Settlement Agreement, counsel for Plaintiff and Settling Defendants agree to execute a Stipulation of Dismissal with Prejudice, in the form annexed hereto as Exhibit 1, which Plaintiff's counsel shall hold in escrow pending Settling Defendants' disbursement of the Settlement Payment.

Promptly after the clearing of all checks comprising the Settlement Payment, Plaintiff's counsel shall file the Stipulation of Dismissal.

13. **Retention of Jurisdiction.** The Parties expressly agree that this Court shall retain jurisdiction to enforce the terms of this Agreement.

14. **Advice of Counsel.** Plaintiff and Settling Defendants acknowledge that they have had an opportunity to receive advice about the terms and legal effects of the Agreement from counsel of their choosing. Plaintiff and Settling Defendants hereby represent that they have consulted their attorney(s) about the Agreement before signing it. The Parties further acknowledge that they have read this Settlement Agreement in its entirety, that they have had an opportunity to discuss it with counsel, that they understand its terms, that they are fully competent to enter into it, that they have had a reasonable time within which to consider this Agreement and its terms before signing it.

15. **Voluntary Agreement.** The Parties agree that they are signing this Agreement of their own free will, without coercion or duress, and voluntarily assent to all the terms and conditions contained herein.

16. **Entire Agreement.** The Parties agree that this Agreement represents the complete understanding between the Parties, and no other promises or agreements shall be binding unless in writing and signed by the Parties. This is an all-inclusive Agreement, and the Parties agree that there are no other written, oral, and/or implied representations, promises, or agreements pertaining to the subject Dispute that exist between them.

17. **Modifications and Amendments.** The Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by both Plaintiff and Settling Defendants.

18. **Counterparts.** This Agreement may be executed with electronic signatures and in counterparts and delivered by facsimile or email, each of which shall be deemed an original and each of which shall together constitute one and the same agreement.

19. **Section Headings.** Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

20. **Acknowledgment of Full Understanding**. Plaintiff and Settling Defendants acknowledge and agree that:

   a) They have carefully read and fully understand all the provisions of this Agreement;

   b) Plaintiff, through this Agreement, releases Settling Defendants from any and all wage and hour claims that Plaintiff asserted or may have asserted in this Action against Settling Defendants;

   c) Knowingly and voluntarily agree to all the terms set forth in this Agreement;

   d) Knowingly and voluntarily intend to be legally bound by this Agreement;

   e) Were advised to consider the terms of this Agreement with counsel and have consulted with counsel prior to executing this Agreement; and

   f) Are duly authorized and have full authority to execute this Agreement.


**WHEREFORE**, the Parties hereto have voluntarily caused this Agreement to be signed as of the day and dates indicated below.

**Plaintiff**

**Settling Defendants**

DAVID MARTINEZ

ALI OZTURK

Name: DAVID MARTINEZ

Name: Ali Ozturk

Signature: David Martinez

Signature:

Date: 11/14/2022

Date: 11-14-2022

**Escrow Agent**

MITCHELL POLLACK & ASSOCIATES, PLLC.

LA MARIA PIZZERIA CORP.

Name: By, Eileen M. Burger, Esq.

Name: Ali Ozturk - President

Signature:

Signature:

Date: 11|14|2022

Date: 11-14-2022

10