**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAVID MARTINEZ, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>-against-<br><br>LA MARIA PIZZERIA CORP., 1455 NEPPERHAN REST CORP. D/B/A BELLA ROSA PIZZERIA, ALI OZTURK, ALBERT TRANQUILLO A/K/A "ALLY", and LAURIE TRANQUILLO,<br><br>*Defendants*. | No. 1:22-cv-04578-KPF<br><br>**SETTLEMENT AGREEMENT** |

WHEREAS, the plaintiff, David Martinez (referred to herein as the "Plaintiff"), on the one hand, and 1455 Nepperhan Rest Corp. d/b/a Bella Rosa Pizzeria ("Bella Rosa"), Albert Tranquillo a/k/a "Ally" ("Albert"), and Laurie Tranquillo ("Laurie," and together with Bella Rosa and Albert, the "Bella Rosa Defendants") on the other hand, desire to resolve, settle, and agree to dismiss any and all claims which Plaintiff has made against the Bella Rosa Defendants in or by the Complaint filed on June 2, 2022 (ECF No. 1, hereinafter the "Complaint") in the above-captioned action pending in United States District Court for the Southern District of New York, Docket No. 1:22-cv-04578-KPF (the "Lawsuit"), without further litigation or adjudication;

WHEREAS, a dispute exists as to Plaintiff's claims for alleged unpaid overtime wages and other causes of action alleged in the Complaint;

WHEREAS, Plaintiff and the Bella Rosa Defendants (Plaintiff and the Bella Rosa Defendants are collectively referred to herein as the "Parties") understand and agree that the Bella Rosa Defendants deny each and every allegation of liability and/or wrongdoing, including, but not limited to, the allegations and statements contained in the Complaint;

WHEREAS, Plaintiff and the Bella Rosa Defendants understand and agree that neither the making of this settlement agreement (the "Agreement") nor anything contained herein shall be construed or considered in any way to be an admission by the Bella Rosa Defendants or any other person or entity of guilt or noncompliance with any federal, state, or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Plaintiff's alleged employer's policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever;

WHEREAS, no class has been certified in this Lawsuit; and

WHEREAS, the Lawsuit shall be dismissed in its entirety by the Court pursuant to the Stipulations and Orders of Voluntary Dismissal that shall be executed by counsels for Plaintiff and the Bella Rosa Defendants, as set forth below:

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES THAT:

**1.** Definitions.

(a) "Releasor" shall be defined to include the Plaintiff in this Lawsuit for himself and on behalf of any of his respective present or former spouse(s), dependents, heirs, executors, trustees, representatives, agents, assigns, lien holders, fiduciaries, successors, creditors, debtors, and counsel.

(b) "Releasees" shall be defined to include the Bella Rosa Defendants herein, and each of their respective present or former spouse(s), dependents, heirs, executors, trustees, representatives, agents, assigns, lien holders, fiduciaries, successors, creditors, debtors, counsel, parent or affiliate companies, subsidiaries, divisions, business units, committees, groups, officers, directors, shareholders, employees, predecessors, administrators, and the current and former

employees of each of the Bella Rosa Defendants, excluding Plaintiff, and any otherwise related persons or entities who Plaintiff claims or may claim employed Plaintiff within the meaning of the Fair Labor Standards Act (the "FLSA") or the New York Labor Law (the "NYLL") at any time during his alleged employment with the Bella Rosa Defendants.

**2.** Plaintiff's Commitments.  In exchange for the promises set forth in Paragraph "3" below, and in the other provisions of this Agreement, Plaintiff agrees as follows:

(a) Plaintiff agrees to accept the total settlement sum of Thirty-Five Thousand Dollars and No Cents ($35,000.00) (the "Settlement Amount") in consideration for and in full satisfaction of all causes of action, claims, and suits of Plaintiff against the Bella Rosa Defendants as more fully discussed below. This results in recovery to Plaintiff after proposed attorneys' fees of $23,333.33.

(b) After consultation with counsel, Releasor knowingly and voluntarily releases and forever discharges Releasees from all causes of action, claims, and suits, whether known or unknown, arising from or relating to any fact, circumstance, or event related to his employment that occurred prior to the date of this Agreement, including without limitation all causes of action, claims, and suits, whether known or unknown, that arise under or relate to the FLSA, the NYLL, and/or the New York Wage Theft Prevention Act and their respective implementing regulations, any other federal, state, or local wage-hour, wage-payment, or labor laws, including without limitation those claims that are the subject of the Lawsuit as well as claims relating in any way to unpaid wages, minimum wages, overtime pay, expenses, salaries, benefits, commissions, bonuses, payroll notices, wage statements, or any other work-related compensation whatsoever (collectively, the "Wage Claims"), which against the Releasees, the Releasor may now have or hereinafter can, shall, or may have, whether known or unknown, that Releasor may have,

including without limitation all Wage Claims, from the beginning of the world to the date that an Order is signed by any presiding United States District Judge or United States Magistrate Judge authorizing the Parties to settle this Lawsuit based on the terms of this Agreement (hereinafter referred to as the "Effective Date").

(c) Plaintiff acknowledges and agrees that the Bella Rosa Defendants are not providing any tax advice or representation by this Agreement. Plaintiff acknowledges and agrees that he, and not the Bella Rosa Defendants, is personally responsible for payment of all taxes and any tax liability, if any, relating to the Settlement Amount paid hereunder. If any federal, state, or local taxing authority or court determines that taxes, interest, and/or penalties are due and owing as a result of any non-payment by Plaintiff of his taxes relating to the Settlement Amount, any interest, penalties or other liabilities shall be the sole obligation and liability of Plaintiff, who shall hold harmless, indemnify, and defend the Bella Rosa Defendants in connection with any tax obligations incurred by Plaintiff.

(d) Plaintiff will sign this Agreement, and he authorizes his attorneys to execute two Stipulations and Orders of Voluntary Dismissal: (1) for Bella Rosa and Albert with prejudice, and (2) for Laurie without prejudice. True and correct copies of each Stipulation and Order of Voluntary Dismissal are attached hereto as **Exhibit 1** and **Exhibit 2**, respectively;

3. Defendants' Commitments. In exchange for the promises made herein by Plaintiff contained in Paragraph "2" above, and in the other provisions of this Agreement, the Bella Rosa Defendants agree as follows:

(a) The Bella Rosa Defendants agree to pay Plaintiff the Settlement Amount in consideration for and in full satisfaction of all causes of action, claims, and suits of Plaintiff against the Bella Rosa Defendants as more fully discussed in this Agreement.

(b) From the Settlement Amount, Plaintiff's counsel, Katz Melinger PLLC, shall be paid the sum of $11,666.67 as and for their payment for attorneys' fees and the costs associated with prosecuting the Lawsuit.

(c) From the Settlement Amount, Plaintiff shall be paid the sum of Ten Thousand Dollars and Zero Cents ($10,000.00) (the "Initial Payment") within ten (10) days after the presiding Court approves this Agreement. The Initial Payment will be held in escrow by the Bella Rosa Defendants' attorneys, Cermele & Wood LLP, at the time of signing this Agreement. The Initial Payment shall be delivered, by check or by wire to "Katz Melinger PLLC, as attorneys for David Martinez." Wiring instructions for Katz Melinger PLLC are attached hereto as **Exhibit 3**. The Initial Payment shall be disbursed by Katz Melinger PLLC as follows: (i) payment to David Martinez in the amount of Six Thousand, Six Hundred Sixty Six Dollars and Sixty Seven Cents ($6,666.67), from which no withholdings shall be taken and will shall be reported on an IRS Form 1099, (ii) payment to Katz Melinger PLLC in the amount of Three Thousand Three Hundred Thirty Three Dollars and Thirty Three Cents ($3,333.33).

(d) The balance of the Settlement Amount, after the disbursement of the Initial Payment, of Twenty Five Thousand Dollars and Zero Cents ($25,000.00), shall be paid to Plaintiff over sixteen (16) months as equal installment payments of One Thousand Five Hundred Sixty Two Dollars and Fifty Cents ($1,562.50) (each an "Installment Payment"). Except as otherwise provided in this subparagraph (d), each Installment Payment shall be due on the first day of each month, and shall be delivered, by check or by wire to "Katz Melinger PLLC, as attorneys for David Martinez." The deadline to make the first Installment Payment shall accrue on May 1, 2023, however no Installment Payment shall be due and payable until the presiding Court approves this Agreement. Upon approval of this Agreement by the presiding Court, all Installment Payments

that have accrued but that have not yet been paid, shall become due and payable. Each Installment Payment shall be disbursed by Katz Melinger PLLC as follows: (i) payment to David Martinez in the amount of One Thousand Forty One Dollars and Sixty Seven Cents ($1,041.67) and (ii) payment to Katz Melinger PLLC in the amount of Five Hundred Twenty Dollars and Eighty Three Cents ($520.83).

(e) Within ten (10) days of the date on which the Court issues an Order approving this Agreement, the Bella Rosa Defendants shall deliver or cause to be delivered to Plaintiff's attorneys the Initial Payment and any Installment Payments that are due and payable.

(f) Defendants Bella Rosa and Albert shall each sign an Affidavit of Confession of Judgment in the amount of Fifty Thousand Dollars and No Cents ($50,000.00). True and correct copies of each Affidavit of Confession of Judgment are attached hereto as **Exhibit 4** and **Exhibit 5**, respectively.

(g) The Bella Rosa Defendants will sign this Agreement, and they authorize their attorneys to execute two Stipulations and Orders of Voluntary Dismissal: (1) for Bella Rosa and Albert with prejudice and (2) for Laurie without prejudice. *See* Exhibits 1 and 2 hereto.

**4.** Default and Cure. If the Bella Rosa Defendants fail to timely pay any portion of the Settlement Amount, including if any check is returned for insufficient funds, Plaintiff's attorneys shall send a notice of default to the Bella Rosa Defendant's attorneys via Certified Mail, Return Receipt Requested, at the following address:

> Cermele & Wood LLP
> Attn: Benjamin M. Rattner, Esq.
> 2 Westchester Park Dr., Ste. 110
> White Plains, NY 10604

The Bella Rosa Defendants shall have ten (10) days following the receipt of the notice of default to deliver the overdue Installment Payment(s) to Plaintiff's attorneys (the "Cure Period"). In the

event the Bella Rosa Defendants fail to deliver the outstanding installment payment(s) before the end of the Cure Period, Plaintiff may file the Affidavits of Confession of Judgment in the appropriate court. Contemporaneously with such filing, Plaintiff shall also file a Partial Satisfaction of Judgment crediting the Bella Rosa Defendants with any payments made to Plaintiff under this Agreement.

5. <u>Non-Admission of Wrongdoing.</u> Plaintiff and the Bella Rosa Defendants agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time or for any purpose as an admission of any liability, wrongdoing, or unlawful conduct of any kind by the Bella Rosa Defendants.

6. <u>Interpretation.</u> Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement. The singular shall include the plural and vice versa.

6. <u>Counterparts.</u> This Agreement may be executed in counterparts and/or by electronic signature, each of which shall be deemed an original and each of which shall together constitute one and the same Agreement. A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

7. <u>Governing Law.</u> This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to its conflict of law principles. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either Plaintiff or the Bella Rosa Defendants, regardless as to which Party may have drafted the language in question. Any action or proceeding by any of the Parties to enforce this Agreement shall be brought in the United States District Court for the Southern District of New York. The prevailing party in any such proceeding shall be entitled to costs and reasonable attorneys' fees. The Parties

hereby irrevocably submit to the non-exclusive jurisdiction of said court and waive the defense of inconvenient forum to the maintenance of any action or proceeding in such venue.

8.      Non-Disparagement.  Once the Parties have signed this Agreement, no Party will do or say anything, directly or indirectly, that disparages, reflects negatively on, or otherwise detrimentally affects any other party to this Agreement, its officers, owners, employees, agents, representatives, products, or services.  If asked about this Lawsuit, the Parties may state that it was amicably resolved and refer the inquiring person to information that is publicly-available on the docket for this Lawsuit. Notwithstanding the foregoing, nothing shall prevent Plaintiff from discussing the allegations giving rise to or regarding his claims under the FLSA and such discussions shall not be deemed a violation of this paragraph, nor shall truthful testimony be deemed a violation.

9.      Enforcement.  Nothing in this Agreement limits either Plaintiff's or the Bella Rosa Defendants' right to obtain preliminary or permanent injunctive relief if either Party breaches this Agreement, plus any additional relief determined to be appropriate by a court of competent jurisdiction.

10.     Entire Agreement.  This Agreement is the complete understanding between the Parties with respect to the subject matter hereof.  It fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter hereof.  Plaintiff represents and acknowledges that in executing this Agreement, he does not rely upon any representation or statement made by any of the Bella Rosa Defendants or their representatives with regard to the subject matter, basis, or effect of this Agreement, other than those contained herein.  This Agreement may not be changed in any respect, except by Court Order or a writing, duly executed by the Parties or authorized representatives of the Parties.

**11.**     Severability.  The provisions of this Agreement shall be deemed separate and severable.  Should any provision or portion of this Agreement be held invalid or unenforceable, the affected provision shall be modified to the extent necessary to make it legal, valid, and enforceable.  If it cannot be so modified, it shall be severed from the Agreement, and the remainder of this Agreement shall remain unaffected and continue in full force and effect, which then shall be interpreted to bar, as applicable, any and all Wage Claims which Plaintiff may have against the Releasees.

**12.**     Advice of Counsel.  Plaintiff acknowledges that he has had an opportunity to receive advice about the terms and legal effects of the Agreement from counsel of his choosing.  Plaintiff and the Bella Rosa Defendants hereby represent that they have consulted their attorney(s) about the Agreement before signing it.  The Parties further acknowledge that they have read this Agreement in its entirety, that they have had an opportunity to discuss it with counsel, that they understand its terms, that they are fully competent to enter into it, and that they have had a reasonable time within which to consider this Agreement and its terms before signing it.

**13.**     Voluntary Agreement.  Plaintiff and the Bella Rosa Defendants agree that they are signing this Agreement of their own free will, without coercion or duress, and voluntarily assent to all the terms and conditions contained herein.

**14.**     Court Approval of Settlement Agreement.  The Parties agree that the Court's approval of this Agreement as fair and reasonable and the subsequent dismissal of the Lawsuit is a condition precedent to the Parties' promises in this Agreement.  The Parties understand that counsel will jointly submit an application to the Court for approval of this settlement as fair and reasonable.  The Parties will ask the Court to retain jurisdiction over the enforcement of the terms of this Agreement.

15. <u>Execution.</u>

(a) The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiff and the Bella Rosa Defendants. The Plaintiff fully understands that this Agreement generally releases, settles, bars, and waives any and all causes of action, claims, and suits, including Wage Claims, that he possibly could have against Releasees. The Plaintiff further represents that he is fully satisfied with the advice and counsel provided by his attorneys.

(b) Upon the complete execution of this Agreement, Plaintiff's counsel and the Bella Rosa Defendants' counsel shall sign both Stipulations and Orders of Voluntary Dismissal, and Plaintiff's counsel shall prepare and file an application requesting judicial approval of the Parties' settlement as reflected in this Agreement.

(c) Plaintiff fully understands the terms of this Agreement.

16. <u>Further Representations.</u> Plaintiff hereby represents and agrees as follows:

- Plaintiff no longer works for the Bella Rosa Defendants, and is not entitled to reinstatement.

- Plaintiff is signing this Agreement in his own legal name and not on behalf of someone else, and Plaintiff has provided proof of his identity acceptable to the Bella Rosa Defendants.

- With the payment of the Settlement Amount noted above, Plaintiff acknowledges that he will not receive, and is not entitled to, any other payments from the Bella Rosa Defendants;

- This entire document was translated and read to Plaintiff in his native language (Spanish) prior to Plaintiff signing it in the presence of his counsel;

- Plaintiff has been given the opportunity to ask questions about this Agreement and all of Plaintiff's questions, if any, have been satisfactorily answered;

- Plaintiff has consulted with an attorney before signing below;

- Plaintiff believes that this Agreement represents a fair and reasonable compromise of the claims he raised in the Lawsuit; and

- Plaintiff is signing this Agreement knowingly and voluntarily.

**17.** Plaintiff fully understands the terms of this Agreement. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HIS COUNSEL KATZ MELINGER PLLC, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CAUSES OF ACTION, CLAIMS, AND SUITS, INCLUDING WAGE CLAIMS, THAT HE HAS OR MIGHT HAVE AGAINST RELEASEES.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Agreement as follows:

**BY PLAINTIFF:**

Dated: 04-28-23                         _____
                                        David Martinez


**BY THE BELLA ROSA DEFENDANTS:**

Dated: _____                          _____
                                        1455 Nepperhan Rest Corp.
                                        d/b/a Bella Rosa Pizzeria
                                        By: Albert Tranquillo


Dated: _____                          _____
                                        Albert "Ally" Tranquillo


Dated: _____                          _____
                                        Laurie Tranquillo

17. Plaintiff fully understands the terms of this Agreement. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HIS COUNSEL KATZ MELINGER PLLC, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CAUSES OF ACTION, CLAIMS, AND SUITS, INCLUDING WAGE CLAIMS, THAT HE HAS OR MIGHT HAVE AGAINST RELEASEES.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Agreement as follows:

**BY PLAINTIFF:**

Dated: _____                   _____
                                        **David Martinez**

**BY THE BELLA ROSA DEFENDANTS:**

Dated: 6/12/23                      _____
                                        1455 Nepperhan Rest Corp.
                                        d/b/a Bella Rosa Pizzeria
                                        By: Albert Tranquillo

Dated: 6/12/23                      _____
                                        Albert "Ally" Tranquillo

Dated: 6/12/23

_____
Laurie Tranquillo