# KATZMELINGER

370 LEXINGTON AVENUE, SUITE 1512
NEW YORK, NEW YORK 10017
www.katzmelinger.com

| | |
|---|---|
| Eliseo Cabrera<br>Katz Melinger PLLC | t: 212.460.0047<br>f: 212.428.6811<br>edcabrera@katzmelinger.com |

June 20, 2023

**Via ECF**
The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007



  Re: *Matinez v. La Maria Pizzeria, 1455 Nepperhan Rest Corp. d/b/a Bella Rosa Pizzeria, Ali Ozturk, Albert Tranquillo a/k/a Ally, and Laurie Tranquillo*
     **Civil Action No. 1:22-cv-04578**

Your Honor:

  We are attorneys for plaintiff David Martinez and write jointly with attorneys for 1455 Nepperhan Rest Corp. d/b/a Bella Rosa Pizzeria, Albert Tranquillo a/k/a Ally, and Laurie Tranquillo (together "Settling Defendants," and, with Plaintiff, "the Parties") to seek approval of the Parties' agreement to settle the claims asserted against Settling Defendants[1] in the above-captioned matter.

  Plaintiff asserted eight (8) causes of action in this matter, including claims for overtime violations under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York Labor Law ("NYLL"); failure to provide spread of hours wages under the NYLL; failure to provide payroll notices and wage statements under the NYLL; failure to timely pay wages under the NYLL; and retaliation under the FLSA and NYLL. Settling Defendants have disputed these claims, but the Parties write to respectfully request that the Court approve the settlement agreement, a copy of which is submitted herewith, and allow the Parties to discontinue the matter with prejudice as against the Settling Defendants pursuant to Fed. R. Civ. P. 41.

  As explained in further detail below, the Parties respectfully aver that the proposed settlement agreement is fair, reasonable, and equitable.

---

[1] Plaintiff and Defendants La Maria Pizzeria Corp. and Ali Ozturk reached a settlement earlier in this case, and their agreement was approved by the Court on November 15, 2022 (See Dkt. No. 34).

**Background**

This matter arises from Plaintiff's employment with Settling Defendants, from in or around October 2020 until on or around September 6, 2021. Plaintiff worked as a pizza maker at the location known as Bella Rosa Pizzeria.

<u>Plaintiff's Overtime and Spread of Hours Claims</u>

Plaintiff alleges that from in or around October 2020 until in or around January 2021, he regularly worked seven (7) days per week, for thirteen (13) hours per day, for a total of ninety-one (91) hours per week. Plaintiff then alleges that from February 2021 until in or around June 2021, he regularly worked six (6) days per week, for thirteen (13) hours per day, for a total of approximately seventy-eight (78) hours per week. Plaintiff further alleges that from in or around July 2021 until the end of his employment, he regularly worked five (5) days per week, for thirteen (13) hours per day, for a total of approximately sixty-five (65) hours per week.

Plaintiff claims that throughout his employment, Defendants compensated him at the rate of $20 per hour for all hours worked. Plaintiff alleges that he was a non-exempt employee entitled to overtime pay of 1.5 times his regular rate of pay for each hour worked in excess of forty (40) hours per week, and that he was also entitled to an additional hour of pay at the basic minimum wage rate for each day that he worked more than ten (10) hours. Plaintiff estimates that he is owed a total of approximately $46,885.00 in unpaid overtime and spread of hours wages from all Defendants. Settling Defendants dispute these claims.

<u>Plaintiff's Payroll Notice and Wage Statement Claims</u>

As a non-exempt employee, Plaintiff alleges that he was entitled to, but did not receive, a payroll notice at the start of his employment containing the information required under NYLL § 195(1), as well as wage statements with each wage payment containing the information required under NYLL § 195(3).  Settling Defendants disputes these claims.

<u>Plaintiff's Timely Wages Claims</u>

Plaintiff claims that he was entitled to be paid his earned wages weekly and not later than seven (7) days after the end of the week in which the wages were earned, but he did not receive all of his earned wages in a timely manner, including overtime wages and spread of hours wages, in accordance with the NYLL.  Settling Defendants dispute these claims.

<u>Plaintiff's Retaliation Claims</u>

Plaintiff claims that Defendants terminated Plaintiff's employment after, and in retaliation for, Plaintiff's attempt to assert his legal rights under the FLSA and NYLL. Defendants' termination of Plaintiff's employment constitutes unlawful retaliation in violation of 29 U.S.C. § 215(a)(3) and NYLL § 215.  Settling Defendants deny these allegations.

Settlement History

Plaintiff commenced this action on June 2, 2022. On September 20, 2022, Your Honor referred this case to mediation under Local Civil Rule 83.9. Plaintiff and all Defendants subsequently engaged in good faith, arms' length settlement negotiations by and through their attorneys. Plaintiff first successfully reached a settlement with Defendants Ali Ozturk and La Maria Pizzeria Corp. for a sum of $7,000; Plaintiff and Settling Defendants eventually agreed to a full settlement of all claims between them, inclusive of attorneys' fees and costs, for $35,000. The settlement amount is to be paid with an initial payment of $10,000 shortly after the Court's approval of the Parties' settlement agreement, and the remaining $25,000.00 is to be paid in installment payments of $1,562.50 per month for sixteen (16) months. The amount agreed upon reflects a mutual desire to reach an amicable resolution in this matter without additional litigation as it pertains to Settling Defendants.

**The Proposed Settlement Should Be Approved**

1. The settlement amount is fair and reasonable

The Parties' proposed settlement agreement warrants approval as it is fair, reasonable, and equitable. Indeed, the agreement reflects a reasonable compromise of Plaintiff's FLSA and NYLL claims rather than a mere waiver of statutory rights brought about by Settling Defendants' overreaching. Here, there is no doubt that the settlement did not come about because of "overreaching" by Settling Defendants. To the contrary, Plaintiff is represented by competent counsel, and the settlement amount, $35,000.00, results in recovery to Plaintiff after proposed attorneys' fees of $23,333.33. This sum is fair and reasonable given the early stage at which the settlement was reached, and the risk that Plaintiff would not prevail on all of his claims at trial. Plaintiff also recognizes that, given the present circumstances of Settling Defendants, they may be unable to pay any larger recovery, and settlement is preferable to protracted litigation. For these reasons, the proposed agreement with Settling Defendants represents a fair and reasonable resolution of a bona fide dispute.

The proposed settlement is also the product of negotiation between represented parties following extensive settlement discussions. Plaintiff and Settling Defendants hold opposing views on the merit and value of Plaintiff's claims; however, the arm's length bargaining, along with the information shared during settlement negotiations, weighs in favor of finding the settlement reasonable. Moreover, nothing in the record before the Court indicates that the proposed settlement has been achieved through fraudulent or collusive conduct. Through discovery and candid discussions between counsel, the Parties can assess the strengths and weaknesses of the asserted claims and their respective positions. *See, e.g.*, *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) ("In considering whether a settlement is fair and reasonable, the principal question is whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching'") (citation and internal quotation marks omitted); *Aponte v. Comprehensive Health Mgmt., Inc.*, 2013 U.S. Dist. LEXIS 47637, at *12 (S.D.N.Y. Apr. 2, 2013) (courts typically "regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement") (citation and internal quotation marks omitted).

Hon. Katherine P. Failla<br>June 20, 2023<br>Page 4

Furthermore, since Plaintiff is no longer employed by Defendants, coercion is unlikely. *See, e.g.*, *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *Cisneros v. Schnipper Rest. LLC,* 2014 U.S. Dist. LEXIS 2111, at *2-3 (S.D.N.Y. Jan. 8, 2014) ("Although the FLSA places strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver, these concerns are not as relevant when the plaintiffs no longer work for the Defendants, as is the case here") (citation and internal quotation marks omitted).

Additionally, after weighing the factors, the settlement should be allowed to proceed, as: (i) Plaintiff's alleged injuries will not recur as Plaintiff is no longer employed by Settling Defendants; (ii) Settling Defendants explicitly deny any wrongdoing; and (iii) continuing to develop the record will only serve to enlarge costs on both sides and will not serve any useful purpose. *Wolinsky v. Scholastic Inc*., 900 F. Supp. 2d at 335-36.

2.  <u>Plaintiff's counsel's fees are reasonable</u>

Lastly, the Parties agree that the settlement amount is a reasonable compromise between Plaintiff and Settling Defendants, and the proposed amount of attorneys' fees is also fair and reasonable as Plaintiff's counsel's own compensation does not adversely affect the extent of the relief obtained by counsel on behalf of Plaintiff. *See Wolinsky,* 900 F. Supp. 2d at 336-37; *Cisek v Natl. Surface Cleaning, Inc.*, 954 F. Supp. 110, 111 (S.D.N.Y. 1997) (finding that the sum sought by plaintiffs' counsel was reasonable, the settlement was untainted by conflict of interest, and there was "no reason to conclude that plaintiffs' counsel benefited at the expense of their clients"). Thus, the settlement does not favor Plaintiff's counsel over Plaintiff.

Under the proposed agreement, Plaintiff's counsel would recover $11,666.67 in fees. Under Plaintiff's contingency fee agreement, Plaintiff's counsel is entitled to recover out of Plaintiff's settlement amount fees totaling one-third of any amounts recovered on behalf of Plaintiff, as well as costs[2] and expenses. This fee should be approved, as "[a]n award of one third of the fund is consistent with what reasonable, paying clients pay in contingency employment cases." *Flores v. Anjost Corp.,* 2014 U.S. Dist. LEXIS 11026, at *25 (S.D.N.Y. Jan. 28, 2014); *see also Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207, at *4 (E.D.N.Y. Sept. 19, 2013) ("Pursuant to plaintiff's retainer agreement with counsel, the fee is one-third of the settlement amount, plus costs. This fee arrangement is routinely approved by courts in this Circuit"). The proposed fee award of one-third should also be approved because it was consensual and agreed to by Plaintiff. *See Mireku v. Red Vision Sys., Inc.,* 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013) (approving settlement and noting the consensual nature of the fee arrangement).

As indicated by Plaintiff's counsel's time records, attached hereto as **Exhibit 1**, Plaintiff's counsel has spent a total of 105.10[3] hours on this matter as follows: Kenneth Katz, 1.00 hour; Nicole Grunfeld, 15.80 hours; Eliseo Cabrera, 75.80 hours; Katherine Morales, 0.20 hours;

---

[2] Plaintiff's cost and expenses, totaling $976.00, were reimbursed to Plaintiff's attorneys in the previous settlement with Defendants La Maria Pizzeria Inc. and Ali Ozturk, approved by this Court on November 15, 2022 (See Dkt. No. 34).
[3] This total reflects all of the hours Plaintiff's counsel worked on this matter.

Vanessa Ueoka, 11.10 hours; and Nicola Ciliotta, 1.20 hours. Plaintiff's counsel's hourly rates – $575, $525, $375, $300, and $300, respectively – are reasonable based on Plaintiff's counsels' experience and are in line with the rates charged by attorneys in this district. *See Lilly v. City of New York,* No. 16 Civ. 322, 2017 U.S. Dist. LEXIS 129815, at *1 (S.D.N.Y. Aug. 15, 2017)(reasonable hourly rate can range from $250 to $650). *See also McLaughlin v. IDT Energy*, No. 14 CV 4107, 2018 U.S. Dist. LEXIS 128347, at *17 (E.D.N.Y. July 30, 2018) (finding award of rates typical to the Eastern District to be between $300 and $500 per hour).

Mr. Katz is the founding member and managing partner of Katz Melinger PLLC, a boutique firm established in 2012. Mr. Katz earned his B.S. in 2000 from the State University of New York at Albany, and his J.D. in 2003 from Hofstra University School of Law, with an award recognizing his achievements in the employment law field. Mr. Katz was admitted to the Bar of the state of New York in 2004, and his practice is focused primarily on litigation, with substantial experience handling wage and hour matters.

Ms. Grunfeld is a partner at Katz Melinger PLLC, where she has worked for more than nine years. She earned her B.A. in 1998 from Yale University and her J.D. in 2004 from New York University School of Law. Ms. Grunfeld was admitted to the Bar of the state of New York in 2005 and has focused primarily on plaintiffs' employment matters for more than 15 years. She currently serves as Vice-President of the Board of the New York chapter of the National Employment Lawyers Association.

Mr. Cabrera is an associate at the firm, where he has worked for ten months. He earned his B.A from the University of California, Berkeley in 2007, and his J.D. from City University of New York School of Law in 2015. Mr. Cabrera has been a member in good standing of the New York Bar since 2017 and has focused on employment law practice for more than three years.

Ms. Morales is an associate at Katz Melinger PLLC. She earned her B.B.A. from Pace University in 2014 and her J.D. from Georgetown University Law Center in 2017; she was admitted to practice in New York in 2018 and New Jersey in 2020. Prior to joining the firm in 2017, Ms. Morales worked on various employment law matters while maintaining part-time positions with private law firms, universities, and nonprofits. Ms. Morales focuses her practice exclusively on employment law matters.

Ms. Ueoka is a law clerk at Katz Melinger PLLC who earned her B.A from Hunter College and her J.D. from Rutgers Law School. Ms. Ueoka joined the firm in August 2022 and is awaiting admission to the New York State Bar.

Mr. Ciliotta was an associate at the firm from October 2018 until November 2021. Mr. Ciliotta earned his B.A from Vanderbilt University in 2015 and his J.D. from Penn State Law School in 2018. He was admitted to the New York State Bar in 2019. While employed at the firm, Mr. Ciliotta focused primarily on employment law.

The $11,666.67 fee sought by Plaintiff's counsel is well below Plaintiff's counsel's "lodestar" amount of $41,060.00[4] and is, therefore, reasonable. See *e.g. Huerta v. Aura Wellness Spa Corp.*, 2021 US Dist LEXIS 34360, at *3 (S.D.N.Y. Feb. 24, 2021)(finding that the sum sought by plaintiffs' counsel was reasonable, even though the fees slightly exceed thirty percent of the total recovery because "it is less than the 'lodestar' amount for Plaintiff's counsel.") As set forth herein, Plaintiff's counsel negotiated a favorable settlement for Plaintiff at an early stage of the lawsuit. Lastly, by reaching a settlement with Settling Defendants, Plaintiff avoids the risk of either receiving an unfavorable outcome in this matter or, if Plaintiff prevails in his claims, attempting to enforce a judgment against Settling Defendants.

Accordingly, the Parties respectfully request judicial approval of the Parties' proposed settlement agreement and further request to be allowed to submit a stipulation of dismissal with prejudice as to Settling Defendants, consistent with the requirements of Fed. R. Civ. P. 41(1)(a)(ii).

Respectfully submitted,

| | |
|---|---|
| */s/ Eliseo Cabrera* | */s/ Benjamin Rattner* |
| Eliseo Cabrera | Benjamin M. Rattner, Esq. |
| Katz Melinger PLLC | Cermele & Wood LLP |
| 280 Madison Avenue, Suite 600 | 2 Westchester Park Drive, Suite 110 |
| New York, New York 10016 | White Plains, New York, 10604 |
| (212) 460-0047 | (914) 967-2753 |
| edcabrera@katzmelinger.com | ben@cw.legal |
| *Attorneys for Plaintiffs* | *Attorneys for Settling Defendants* |

---

[4] Plaintiff's counsel received $2,008.00 in attorneys' fees in the previous settlement with Defendants La Maria Pizzeria Corp. and Ali Ozturk, and combined with the attorneys' fees Plaintiff's counsel will receive in this settlement the total amount is still lower than Plaintiff's counsel's "lodestar" amount.

The Court has reviewed the settlement documents for fairness in accordance with the FLSA and Second Circuit law, see, e.g., Cheeks v. Freeport Pancake House, 796 F. 3d 199 (2d Cir. 2015), and has concluded that the terms are fair and reasonable.  It should be noted, however, that the Court is not in this endorsement opining specifically on the reasonableness of the rates charged by the attorneys and paralegals representing Plaintiffs.

Accordingly, the settlement is approved.  The parties' request to submit a stipulation of dismissal with prejudice is hereby GRANTED, and the parties are directed to clarify in that stipulation whether the case is to be dismissed with prejudice as to all three remaining defendants, or whether, as stated in the Settlement Agreement, the case is to be dismissed with prejudice as to Bella Rosa Pizzeria and Albert Tranquillo only, and without prejudice as to Laurie Tranquillo.  (See Settlement Agreement §§ 2(d), 3(g)).  The parties are directed to file such stipulation on or before **June 26, 2023.**

Dated:    June 21, 2023         SO ORDERED.
          New York, New York

*[Signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE